IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TOM E. HINKLEY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN P. HINKLEY; GERALD K. JOHNSON; ANTHONY R. MARTINEAU; JASON W. HARDIN; SARA BOULEY; JUDGE KARA PETTIT; CITY OF WEST JORDAN; MAYOR DIRK BURTON; TODD ZAHLMANN; WEST JORDAN POLICE DEPARTMENT; and DOES 1–10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 2:26-cv-00035<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

  Before the court are Motions for Leave to Proceed in forma pauperis (IFP) (ECF No. 2) and for a Temporary Restraining Order (TRO) (ECF No. 5) filed by Plaintiff Tom E. Hinkley. Because the court finds that Mr. Hinkley has failed to plead any claims over which this court has jurisdiction, the court denies the pending motions and dismisses this action.

## BACKGROUND

  Mr. Hinkley asserts civil rights claims under 42 U.S.C. § 1983 stating that he is "permanently disabled and very ill (no water in home 6 years from retaliation, death bed condition)." (Compl., ECF No. 1-2 at 1.) The Complaint is difficult to understand, but Mr. Hinkley alludes to a "20-year conspiracy" that includes "arson cover-up (2006), water shut-off (6 years), sabotage, harassment, [and] fraud on the court to seize property for profit." (Id. at 2.) Mr. Hinkley alleges three claims: 1) a claim under the First Amendment for retaliation "for filings/FBI reports"; 2) a claim under the Due Process Clause of the Fourteenth Amendment for

1

"delays, false 'unpermitted' after permit [sic]"; and 3) a claim under the Fourth Amendment for "harassment/trespass." (Id.) Mr. Hinkley does not specify against which Defendants he alleges these claims. He asks for damages of greater than $110 million, an injunction to "stay eviction [and] restore water," and fees. (Id.)

In an attached document providing "Incident Details," Mr. Hinkley again mentions a "20-year conspiracy in Utah probate case No. 053901287 (Third Judicial District, Salt Lake County) involving fraud on the court, arson cover-up, attempted murder, embezzlement, and civil rights violations under color of law." (ECF No. 1-1 at 2.) He points to the following incidents: 1) a 2020 court order appointing Defendants John P. Hinkley and Gerald K. Johnson as trustees in the Utah probate case; 2) a "premeditated arson at property" on November 23, 2006, for which there was no police report or investigation; 3) "attempted murder" for six years due to "[n]o water in home," sabotaged repairs, and a "blizzard abandonment"; 4) embezzlement related to attorney's fees and "$25k city fraud delay"; and 5) disability and harassment claims, stating: "ADA ignored (permanent disability, death bed condition);[1] harassment (January 1, 2026 trespass/pounding on 'No Trespassing' door)." (Id.) Separately, Mr. Hinkley lists the following people as responsible parties, all of whom he names as Defendants: 1) John P. Hinkley and Mr. Johnson, "beneficiaries/trustees"; 2) Anthony R. Martineau, an attorney; 3) Jason W. Hardin and Sara Bouley, "opposing attorneys"; 4) Judge Kara Pettit, in her official capacity; 5) Mayor Dirk Burton, in his official capacity, and Todd Zahlmann, in his individual capacity, two officials with the City of West Jordan; and 6) the City

---

[1] Mr. Hinkley is presumably referencing the Americans with Disability Act (ADA), but because he does not allege that any public entity denied him an accommodation on the basis of his disability or provide any other allegations that would state a claim under the ADA, the court does not discuss this reference further. See 42 U.S.C. §12132.

of West Jordan and the West Jordan Police Department. (Id.) Finally, Mr. Hinkley lists an address at: 7131 South 1115 West, West Jordan, Utah. (Id.)

Because the court has had difficulty interpreting Mr. Hinkley's allegations, the court has taken judicial notice of the state court docket and court orders in the referenced probate case. See In the Matter of the Trust of Marian Jean Hinkley, No. 053901287 (Utah 3d Jud. Dist.). The court does not assume any of the facts found by the state court are true but provides an overview of the court's orders to illustrate the claims raised here.

On January 28, 2025, the state court issued Findings of Fact and Conclusions of Law in which the court summarized the relevant litigation concerning the MJ Hinkley Revocable Living Trust (the Trust). (Findings of Fact & Conclusions of Law dated Jan. 28, 2025, Dkt. No. 119 in Case No. 053901287.) The state court noted that it had entered an order on July 1, 2020, removing Mr. Hinkley as the personal representative and trustee of the Trust and instead appointing John P. Hinkley and Mr. Johnson. (Id. at 2.) Then, in a written order memorialized on September 17, 2021, the state court ordered Mr. Hinkley to convey the property at 7131 South 115 West, West Jordan, Utah[2] (the West Jordan property) back to the Trust. (Id.) But the court later found that Mr. Hinkley had attempted to transfer the West Jordan property to a fictitious entity, thereby clouding the title. (Id. at 5–6.) The court therefore nullified the deed executed by Mr. Hinkley and quieted title to the West Jordan property in favor of John P. Hinkley and Mr. Johnson in their capacity as trustees of the Trust. (Id. at 6–7.)

On November 17, 2025, the Utah Court of Appeals affirmed the district court's January 28, 2025 order. (See Order dated Nov. 17, 2025, Dkt. No. 226 in Case No. 053901287.)

---

[2] This address corresponds to the address that Mr. Hinkley lists in the Complaint in this action. (See ECF No. 1-1 at 2.)

3

The court found that Mr. Hinkley did not "meaningfully address the rationale of the district court's decision with the requisite legal argument, analysis, or discussion required to demonstrate a substantial issue warranting further appellate proceedings." (Id. at 1.)

## LEGAL STANDARD

When a plaintiff asks to proceed IFP, that request is governed by 28 U.S.C. § 1915. The court must dismiss an action filed by an IFP plaintiff if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although the court need not screen a plaintiff's complaint before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practicable. See Buchheit v. Green, 705 F.3d 1157, 1160–61 (10th Cir. 2012) (noting that prompt screening of IFP cases is a "good practice"). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (cleaned up).

When assessing a complaint for failure to state a claim upon which relief may be granted, the court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). But the factual allegations in a complaint must raise a plausible right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And while the court accepts well-pleaded factual allegations as true at this stage, the court considers "bare

4

assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional … claim" as "conclusory and not entitled to" an assumption of truth.  Id. at 681 (quoting Twombly, 550 U.S. at 554–55).

Because Mr. Hinkley proceeds pro se, the court construes his pleadings "liberally" and holds him "to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.

## ANALYSIS

The court has struggled to understand the basis of Mr. Hinkley's claims, which he alleges with little factual description or support.  But having examined the state litigation in the referenced probate case, the court finds that it lacks jurisdiction to hear these claims.

The Rooker-Feldman doctrine provides that federal district courts "lack jurisdiction to adjudicate claims seeking review of state court judgments."  Bisbee v. McCarty, 3 F. App'x 819, 822 (10th Cir. 2001) (citing D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413, 415 (1923)).  That is true even if a plaintiff alleges that a state court judge has violated the Constitution.  See Feldman, 460 U.S. at 486 (finding that district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) ("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court." (citing

5

28 U.S.C. § 1257)).

As the court understands his Complaint, Mr. Hinkley asks this court to overturn the state court's order removing him as the personal representative and trustee of the Trust, as well as the state court's judgment declaring that the proper owners of that property are the new trustees, John P. Hinkley and Mr. Johnson. Under Rooker-Feldman, this court lacks subject matter jurisdiction to consider this request. Instead, the state appellate process is the proper forum for Mr. Hinkley to seek review of the state court action he seeks to challenge. Mr. Hinkley has already appealed the state court's quiet title judgment and the Utah Court of Appeals denied that appeal. But Mr. Hinkley cannot turn to the federal district court to reverse that ruling. The proper forum is the Utah Supreme Court, if further review is available there, or the United States Supreme Court on a writ of certiorari. See 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ….").

The Rooker-Feldman doctrine prohibits not only the review of final judgments issued by state courts, but also the review of claims inextricably intertwined with those judgments. Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). A "federal claim is inextricably intertwined with a state-court judgment if that judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." Id. at 642 (cleaned up and emphasis omitted). Here, to the extent that Mr. Hinkley complains of his eviction from the West Jordan property, that eviction appears to be directly and proximately caused by the state court judgment quieting title in favor of John P. Hinkley and Mr. Johnson. The court therefore finds that it lacks jurisdiction to hear this matter.

But even if the court has misunderstood Mr. Hinkley's Complaint, there are additional

reasons why the court must dismiss the case. First, Mr. Hinkley's claims against Judge Pettit are barred by judicial immunity. "A long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (collecting cases). Judicial officers are also explicitly immunized … against suits for injunctive relief under 42 U.S.C. § 1983. Ysais v. New Mexico, 373 F. App'x 863, 866 (10th Cir. 2010). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer … shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself].'" Mireles, 502 U.S. at 10 (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). Judicial immunity may be overcome only when a judge acts outside the judge's judicial capacity or takes judicial action in the absence of all jurisdiction. Id. at 11–12. Acts outside a judge's capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity. Id. at 12. Here, Mr. Hinkley's allegations against Judge Pettit arise out of of the state court probate case. There are no facts that suggest that Judge Pettit was acting in the absence of jurisdiction. Accordingly, Judge Pettit is immune from suit.

     Mr. Hinkley's claims against the new trustees (John P. Hinkley and Mr. Johnson) and the attorneys in the state case (Mr. Martineau, Mr. Hardin, and Ms. Bouley) also fail. To state a cause of action under § 1983, Mr. Hinkley must allege a "(1) deprivation of a federal right by (2) a person acting under color of state law." Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1988). A private actor "acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" Montgomery v. City of Ardmore, 365 F.3d 926, 942 (10th Cir. 2004) (quoting Adickes v. S.H. Kress & Co., 398 U.S.

7

144, 152 (1970)). All other "private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim." Read v. Klein, 1 F. App'x 866, 870 (10th Cir. 2001) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). The trustees and attorneys who are involved in the lawsuit over the proper control of the Trust are private actors and cannot be liable for any § 1983 claims.

That leaves Mr. Hinkley's claims against the West Jordan Police Department, the City of West Jordan, and the city officials. First, the court notes that there is no statutory authority in Utah that permits lawsuits against municipal or county subdivisions, such as police departments, and that a police department is not generally considered as a separate legal entity. See Utah Code Ann. § 63G-7-401(4)(b)(ii) (providing for notice of claims against municipalities, counties, special districts, school districts, and certain governing boards, but not against police departments); Fail v. W. Valley City, No. 2:04-cv-1094, 2006 WL 842910, at *2 (D. Utah Mar. 28, 2006) ("Although the Amended Complaint also names the West Valley City Police Department as a separate defendant, the Department is not a separate legal entity with the capacity to sue or be sued."). Second, the claims against Mayor Burton in his official capacity are duplicative of the claims against the City of West Jordan. See Brewer v. Davis County, No. 1:15-cv-40-TC, 2020 WL 2840345, at *15 (D. Utah June 1, 2020) (recognizing the "redundancy of naming as defendants" both the county and the county sheriff in his official capacity).

As for any claims against the City of West Jordan, a municipality cannot be held liable under § 1983 on the sole ground of an employer-employee relationship. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, a plaintiff must show that the constitutional violation was the result of a municipal policy or custom. Bd. of Cnty. Comm'rs v. Brown, 520

U.S. 397, 403 (1997). And a plaintiff must demonstrate that an individual defendant like Mr. Zahlmann "personally participated in the alleged constitutional violation." Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom …." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). The Tenth Circuit has suggested that "failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." Estate of Romer v. Johnson, 764 F. App'x 784, 790 n.5 (10th Cir. 2019).

Here, Mr. Hinkley does not specify how his rights have been violated or explain who committed those violations. None of his claims is linked to an individual defendant. And he does not allege the existence of a municipal policy or custom. He instead refers vaguely to retaliation, a conspiracy on the court, sabotage, trespassing, and harassment.[3] The Complaint "wholly fail[s] to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim." Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532–33 (10th Cir. 1998).

While the court often grants pro se litigants an opportunity to amend their complaint to plead their claims with more particularity, the court finds that amendment would be futile here for several reasons. First, as the court has noted, Mr. Hinkley's claims against the City of West Jordan and city officials, such as his references to eviction and to his water being shut off, relate to actions that appear to have been taken in response to the state court's judgment that title to the

---

[3] Many of these claims, such as trespassing, are state law claims over which the court does not have jurisdiction. Moreover, several allegations relate to incidents that occurred over four years ago and are therefore barred by the relevant statute of limitations. See Parker v. Bourdon, 800 F. App'x 654, 657 (10th Cir. 2020) (upholding "the district court's conclusion that a four-year statute of limitations applies" to § 1983 claims in Utah).

West Jordan property belongs to the Trust. It is likely, then, that the court has no jurisdiction to consider these claims. Second, the court notes that Mr. Hinkley's motion to proceed IFP contains several implausible statements, such as his assertion that he has monthly expenses of over $100 million and his claim that the Defendants attempted to murder him "1000x" during the pandemic. (ECF No. 2 at 5.) These statements suggest that the lawsuit is frivolous.

The court therefore finds that additional amendment would be futile and instead dismisses this action for lack of jurisdiction.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Plaintiff's Motions to Proceed IFP (ECF No. 2) and for a Temporary Restraining Order (ECF No. 6) are DENIED.

2. This matter is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED this 25th day of February, 2026.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge